**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4572**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

WILLIE T. WORSHAM,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  James R. Spencer, Chief
District Judge.  (3:06-cr-00200-JRS-1)

_____

Submitted: January 31, 2012        Decided: February 2, 2012

_____

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Carolyn V.
Grady, Assistant Federal Public Defender, Patrick L. Bryant,
Appellate Attorney, Richmond, Virginia, for Appellant.  Stephen
Wiley Miller, Assistant United States Attorney, Jessica Aber
Brumberg, OFFICE OF THE UNITED STATES ATTORNEY, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie T. Worsham was convicted of possession of a firearm by a convicted felon and received thirty-two months' imprisonment and three years of supervised release. After violating conditions of his supervised release, the court revoked his supervised release and sentenced him to two months' imprisonment, with three years of supervised release to follow. Worsham once again violated the conditions of his release. He now appeals the resulting twenty-two-month sentence. Worsham's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but questioning whether Worsham's sentence is reasonable. Worsham has filed a pro se supplemental brief. The Government has declined to file a response. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step in this review requires a determination of whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "This initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting

2

Crudup, 461 F.3d at 439) (applying "plainly unreasonable" standard of review for probation revocation). Only if the sentence is procedurally or substantively unreasonable does the inquiry proceed to the second step of the analysis to determine whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 438-39.

A supervised release revocation sentence is procedurally reasonable if the district court considered the advisory policy statement range based upon Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40. A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks omitted). After thoroughly reviewing the record, we conclude that Worsham's sentence was both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case as well as the claims raised in Worsham's pro se

3

supplemental brief and have found no meritorious issues for appeal. Accordingly, we affirm the judgment. This court requires that counsel inform Worsham, in writing, of the right to petition the Supreme Court of the United States for further review. If Worsham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Worsham. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED